UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE JONES,

       Plaintiff,

                                    Civil Case No. 20-12667
v.                                  Honorable Linda V. Parker

CITY OF DETROIT,

       Defendant.
_____/

## OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE

On July 15, 2021, this Court issued an order requiring Plaintiff to show cause in writing within fourteen days as to why this action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) or Eastern District of Michigan Local Rule 41.2. (ECF No. 20.) In the order, the Court warned Plaintiff that his failure to respond before the deadline expired could result in the dismissal of this action without further notice. (*Id.*) The deadline has expired, and Plaintiff has not contacted the Court in writing or otherwise. Therefore, the Court is dismissing his Complaint.

**Background**

On September 30, 2020, Plaintiff, with the assistance of counsel, filed this lawsuit against Defendant.  On April 14, 2021, Plaintiff's counsel moved to withdraw based on a total breakdown of the attorney-client relationship.  (ECF No. 13.)

On April 15, 2021, this Court issued an order setting a virtual motion hearing with respect to counsel's motion for May 5, 2021.  (ECF No. 14.)  The Court ordered Plaintiff to attend and directed Plaintiff's counsel to serve a copy of the motion to withdraw and the Court's order on Plaintiff at least ten days prior to the hearing.  (*Id.*)  Plaintiff, Plaintiff's counsel, and counsel for Defendant appeared at the May 5 hearing, at which time Plaintiff consented to the motion and requested time to locate new counsel.

On May 6, the Court entered an opinion and order granting Plaintiff's counsel's motion to withdraw, staying the matter until June 7 to give Plaintiff an opportunity to retain new counsel, and instructing Plaintiff to have a new attorney file his or her appearance on the docket on or before June 7.  (ECF No. 17.)  The Court also ordered Plaintiff or newly retained counsel and counsel for Defendant to appear for a telephonic status conference on June 10, 2021.  (*Id.*)  Plaintiff's counsel was instructed to serve a copy of the opinion and order on Plaintiff within seven days.  (*Id.*)  At the June 10 status conference, Plaintiff appeared and requested more time to seek counsel.  The Court extended the stay until July 7 and scheduled another status conference for July 1.  (ECF No. 10.)  Plaintiff or newly retained counsel and counsel for Defendant were ordered to attend.  (*Id.*)

2

Plaintiff failed to appear at the July 1 status conference.  (*See* text entry 7/1/21.)

On July 15, the Court issued its show cause order requiring Plaintiff to respond in writing

by August 5.  (ECF No. 20.)  As indicated, Plaintiff has failed to respond to the show

cause order, no attorney has entered an appearance on his behalf, and Plaintiff has not

otherwise contacted the Court or taken any action in this matter.

### Analysis

The Sixth Circuit has identified four factors for a court to consider in deciding

whether to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith,
> or fault; (2) whether the adversary was prejudiced by the
> dismissed party's conduct; (3) whether the dismissed party
> was warned that failure to cooperate could lead to dismissal;
> and (4) whether less drastic sanctions were imposed or
> considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel.*

*& Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  "'Although typically none of the factors

is outcome dispositive, … a case is properly dismissed by the district court where there is

a clear record of delay or contumacious conduct.'"  *Shafer v. City of Defiance Police*

*Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363).

There must be "'a clear record of delay or contumacious conduct.'"  *Carpenter v.*

*City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Freeland v. Amigo*, 103 F.3d

1271, 1277 (6th Cir. 1997)).  Contumacious conduct is "behavior that is 'perverse in

resisting authority' and 'stubbornly disobedient.'"  *Id*. at 704-05 (quoting *Shafer*, 529

F.3d at 737) (additional quotation marks and citation omitted).  "The plaintiff's conduct

must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Id*. at 705 (additional quotation marks and citation omitted).

Here, the record demonstrates such delay.  Despite being granted an extension of time to do so, Plaintiff has not retained counsel to represent him in this matter and has since ignored these proceedings and the Court's orders.  Plaintiff failed to appear at the July 1 hearing and did not respond to the Court's show cause order.  The Court has warned Plaintiff that his failure to prosecute this matter could lead to its dismissal.  The Court sees no utility in considering or imposing lesser sanctions.

Taken together, the relevant factors support dismissal of this lawsuit with prejudice for failure to prosecute.

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** pursuant to Eastern District of Michigan Local Rule 41.2.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 30, 2021

4

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 30, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

5